UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

ANDREI PETROVICH GUCHIKOV,

Petitioner,

v.

CURTIS J. ALJETS, District Director, and
JOHN ASHCROFT, Attorney General,

Respondents.

Civil No. 02-360 (ADM/FLN)

**ORDER DIRECTING RESPONDENT TO SHOW CAUSE WHY WRIT SHOULD NOT BE GRANTED**

Petitioner has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, claiming that the U.S. Immigration and Naturalization Service (INS) is causing him to be unlawfully held in custody at the Jefferson County Detention Center in Waurika, Oklahoma.[1]

Respondents are directed to make a return in writing within 20 days from the date of this order, certifying the true cause of Petitioner's detention and showing cause why the writ should not be granted.

The return shall be filed with the Court and shall include:

1. Such affidavits and exhibits as are needed to establish the legality of Petitioner's incarceration;

2. A reasoned memorandum of law and fact fully stating Respondents' legal position, as well as Respondents' recommendation as to the need for this Court to conduct an evidentiary hearing on the merits of the petition in light of the requirements of relevant statutes and other pertinent authority; and

[1] Petitioner contends that this action can properly be brought in Minnesota, even though he is not currently confined in this state, because his removal proceedings occurred here in Minnesota, and his true custodian is the INS Office in Bloomington, Minnesota.

FEB 15 2002
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

3. Certified copies of all documents from Petitioner's criminal court proceedings, prison records, and/or INS proceedings, which may be germane to the issues raised by the petition.

Absent compliance with this order within the 20-day time period, the Court will entertain a motion to grant the relief prayed for in the petition.

Also before the Court at this time is Petitioner's application for leave to proceed in forma pauperis, ("IFP"). (Docket No. 3.) Petitioner has already paid the full filing fee for this action, so he does not need any waiver of the statutory fee. Because he has shown no other need for IFP status at this time, his IFP application is DENIED AS MOOT.

Dated: February 14, 2002

FRANKLIN L. NOEL
Chief Magistrate Judge